# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFREY R. LUCE, | DOCKET NUMBER |
|      Appellant, | AT-1221-21-0594-W-1 |
|    v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: March 11, 2024 |
|      Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Jeffrey R. Luce, Milton, Florida, pro se.

Holly Buchanan, Eglin Air Force Base, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

On June 24, 2019, the appellant received a term appointment not to exceed June 24, 2024, to the position of GS-12 Airplane Pilot (Simulator Instructor). Initial Appeal File (IAF), Tab 7 at 12. On January 5, 2020, the appellant's appointment was converted to a career-conditional appointment in the competitive service, subject to a 2-year probationary period.[2] *Id.* at 15. The agency terminated the appellant during his probationary period for unsatisfactory conduct, effective February 17, 2021. *Id.* at 41-43; IAF, Tab 8 at 16. On April 8, 2021, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that he was terminated during his probationary period and subjected to a hostile work environment in retaliation for his April 6, 2020 disclosure of a coworker's inappropriate workplace behavior on that date, and communicating grievances to his supervisor on May 27, 2020. IAF, Tab 9 at 36-54, 68-72. By letter dated June 22, 2021, OSC informed the appellant that it had made a final determination to close his file and that he had a right to file an IRA appeal with the Board. *Id.* at 56-57.

On August 10, 2021, the appellant filed a Board appeal asserting, among other things, that he disclosed and made complaints that his former supervisor violated the law, engaged in gross mismanagement and an abuse of authority, and wasted funds. IAF, Tab 1 at 5. The administrative judge provided the appellant notice of his burdens and elements of proof for an IRA appeal and afforded him the opportunity to submit evidence and argument establishing jurisdiction. IAF, Tab 3. The appellant responded that he had made a protected disclosure to his supervisor on April 6, 2020, regarding his coworker's inappropriate outburst while the appellant was instructing a class that day, and he had a meeting with his

_____

[2] On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, 135 Stat. 1541. The statute repealed the 2-year probationary period for Department of Defense appointments made on or after December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950. That statutory change has no effect on this case.

supervisor on May 27, 2020, to discuss multiple complaints about his work situation, including his supervisor's failure to act on his April 6, 2020 disclosure. IAF, Tab 4 at 4-6, Tab 8 at 22-31.

Without holding the appellant's requested hearing, the administrative judge dismissed his IRA appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 15. The administrative judge found that the appellant exhausted his remedies before OSC concerning his April 6, 2020 and May 27, 2020 disclosures, his termination, and a hostile work environment. ID at 7-11. The administrative judge then found that the appellant failed to show that he made a nonfrivolous allegation that he made a protected disclosure. ID at 11-15. She explained that a disinterested observer would not reasonably conclude that the appellant's disclosures evidenced one or more of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8). *Id.*

The appellant has filed a petition for review of the initial decision.[3] Petition for Review (PFR) File, Tab 1. In his petition, he identifies for the first time specific agency policies that were purportedly violated and reiterates many of his arguments from below. *Id.* at 4-13. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC and make nonfrivolous allegations of the following: (1) he made a disclosure described

_____

[3] With his petition for review, the appellant provides excerpts from an agency investigation, Department of Defense guidance on the use of cloth face masks, his termination notice and evidence apparently pertaining to the merits of his termination (which mainly consist of emails). PFR File, Tab 1 at 15-146. Most of these documents were already in the record before the administrative judge. IAF, Tab 4. To the extent that the appellant has submitted new evidence, because we are remanding this matter, the appellant may file relevant evidence on remand consistent with the Board's regulations and the administrative judge's instructions.

under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020); *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6 (stating that a nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue).

As noted, the appellant has raised new arguments in his petition for review. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, the Board may consider evidence submitted for the first time on petition for review if it implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013). Thus, in assessing whether the appellant has made a nonfrivolous allegation of jurisdiction over his IRA appeal, we will consider the arguments raised for the first time in the appellant's petition for review.

The administrative judge correctly found that the appellant exhausted his administrative remedies before OSC for two disclosures and two personnel actions.

Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board. *Skarada*, 2022 MSPB 17, ¶ 7. The Board has clarified the substantive

requirements of exhaustion. *Id.*; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Skarada*, 2022 MSPB 17, ¶ 7. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Id.* However, nothing precludes an appellant from providing more detailed information in his Board appeal than he did before OSC. *Id.*

The administrative judge found that the appellant exhausted his administrative remedies with OSC with respect to his April 6 and May 27, 2020 disclosures and the personnel actions of his termination and a hostile work environment. ID at 7-11. The parties do not challenge these findings on review, and we discern no reason to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The appellant has made a nonfrivolous allegation that his April 6, 2020 disclosure was protected.</u>

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Skarada*, 2022 MSPB 17, ¶ 12. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*; *see* 5 U.S.C. § 2302(b)(8). Any doubt or ambiguity

as to whether an appellant raised a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).

The gravamen of the first purported protected disclosure raised in the appellant's OSC complaint was that on April 6, 2020, he disclosed to his supervisor that a coworker, who was unmasked and not maintaining social distancing, confronted him in an unprofessional and disruptive manner about the appellant not wearing a mask while making a presentation to a group of students even though the appellant was socially distanced from the students. IAF, Tab 9 at 36-54, 68-72. The appellant also asserted that the agency was not in compliance with unspecified guidance from the Secretary of Defense. *Id.* at 70-71.

In his petition for review, the appellant clarifies that the April 6, 2020 incident violated agency instructions, directives, and guidance regarding bullying, harassment, and COVID-19 safety protocols. PFR File, Tab 1 at 4-6. He provides specific legal citations to those documents, including Department of Defense Instruction (DODI) 1020.03, Air Force Policy Directive (AFPD) 36-27, and the Secretary of Defense's April 5, 2020 guidance on the use of cloth face coverings. *Id.* Although the appellant did not submit the first two documents into the record before the Board, they are readily available on the internet, and accordingly we take official notice of them.[4] 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters that can be verified); *see Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 19 n. 3 (2016) (finding that the Board may take official notice of documents that are publicly available on the internet).

---

[4] DODI 1020.03 may be located on the internet at this address: https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/102003p.pdf (last visited Mar. 11, 2024). The Policy Directive may be located at https://static.e-publishing.af.mil/production/1/af_a1/publication/afpd36-27/afpd36-27.pdf (last visited Mar. 11, 2024).

DODI 1020.03, Harassment Prevention and Response in the Armed Forces, provides that the agency does not tolerate harassment and specifies that the prohibition includes bullying and intimidation. DODI 1020.03, §§ 1.2, 3.1. A review of the entire instruction indicates that it is applicable to members of the armed forces and not civilian employees, such as the individual the appellant complained about on April 6, 2020. *Id.*, § 1.1. However, the fact that the instruction only applies to members of the armed forces is not detrimental to the appellant's claim, as the Board will consider the appellant's position and experience when determining whether an appellant held a reasonable belief. *See Scott v. Department of Justice*, 69 M.S.P.R. 211, 237-38 (1995), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table) (explaining that the appellant's position as a supervisor and experience as a law enforcement officer placed him in a position to form a belief that documentary evidence had been altered). Thus, the pertinent issue is the essential facts known to or readily ascertainable by the appellant in consideration of his experience and position. In this case, the appellant does not have any known expertise in statutory or regulatory interpretation, nor does he work in a profession in which he may be expected to have such experience. Therefore, the intricacies and nuances of the agency's various instructions may not have been known or understood by him. Moreover, the instruction he cites directly references a separate instruction that applies to civilian employees. DODI 1020.03, § 1.1b. Thus, under the circumstances, we find that the appellant made a nonfrivolous allegation that he reasonably believed that he disclosed a violation of an agency instruction.

The appellant also states in his petition for review that AFPD 36-27, ¶ 3.1 states that "[u]nlawful harassment in any context is a violation of Air Force policy," and that commanders, managers, and supervisors have a duty to maintain a workplace free of unlawful discrimination and harassment. PFR File, Tab 1 at 5-6. The appellant also asserts that other provisions of the agency Policy Directive were violated, such as a provision specifying that unlawful harassment

includes creating an intimidating, hostile work environment. *Id.*; AFPD, ¶ 3.2.1. That provision, however, states that its application is limited to actions based on characteristics set forth in another part of the directive, which identifies characteristics such as race, color, sex, national origin, religion, or sexual orientation. AFPD 36-27, ¶¶ 1.1, 3.2.1. As the appellant has not asserted that the action against him was based on any of those characteristics, the provisions are not applicable in his situation. As noted, however, the appellant is not a lawyer, nor does he have any known expertise in statutory or regulatory interpretation, and therefore, the intricacies and nuances of the agency's various directives may not have been known or understood by him. Thus, under the circumstances, we find that the appellant made a nonfrivolous allegation that he reasonably believed that he disclosed a violation of an agency directive.

Regarding the Secretary of Defense's April 5, 2020 COVID guidance, that document provides that agency personnel should wear a mask when they cannot maintain a 6-foot distance from coworkers. PFR File, Tab 1 at 37. According to the appellant, he disclosed that his coworker violated this policy when he walked through the appellant's assembled class without wearing a mask and without maintaining proper distancing. Thus, the appellant nonfrivolously alleged a disclosure of a violation of agency guidance concerning safety protocols intended to protect against transmission of COVID..

Finally, we conclude that the appellant's disclosure of alleged violations of the above instruction, directive, and guidance constituted nonfrivolous allegations that the agency violated rules, and therefore the disclosure falls within the ambit of 5 U.S.C. § 2302(b)(8). *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶¶ 15-17 (2002) (finding that a determination of whether something is a "rule" cannot be based merely on its title and noting that the Whistleblower Protection Act is a remedial statute that must be broadly construed).

<u>The appellant's May 27, 2020 disclosures during the meeting with his supervisor were protected under 5 U.S.C. § 2302(b)(8).</u>

Throughout his appeal, the appellant refers to his May 27, 2020 meeting with his supervisor as his grievance. *E.g.*, IAF, Tabs 4-6, 8-11; PFR File, Tab 1 at 8-13. The exercise of a grievance right granted by any law, rule, or regulation is protected if certain conditions are met under 5 U.S.C. § 2302(b)(9)(A). As the administrative judge found, however, there is no evidence that the appellant filed a grievance pursuant to a collective bargaining agreement or an agency administrative grievance process. ID at 8 n.7. Instead, the appellant met with his supervisor to discuss various workplace issues. Such a meeting does not constitute the exercise of a grievance right granted by any law, rule, or regulation. The appellant points to nothing on review showing that the administrative judge erred in this regard.

Furthermore, even if the appellant did exercise a grievance right granted by any law, rule, or regulation, the appellant failed to present a nonfrivolous allegation of Board jurisdiction for another reason. Under 5 U.S.C. § 2302(b)(9)(A), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation—(i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." However, of the two provisions, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). 5 U.S.C. § 1221(a); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 24, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). As explained above, in his May 27, 2020 meeting with his supervisor, the appellant complained about various workplace issues, but, even if the meeting did constitute the exercise of a grievance right, he does not allege that he was seeking to remedy a violation of 5 U.S.C. § 2302(b)(8).

Thus, the May 27, 2020 meeting was not protected as the exercise of a grievance right. *See Edwards*, 2022 MSPB 9, ¶ 25.

Nevertheless, the appellant's statements during that meeting may be protected under 5 U.S.C. § 2302(b)(8). The appellant alleged that he was the victim of harassment and/or a hostile work environment and that during the May 27, 2020 meeting he reiterated the April 6 incident discussed above, and disclosed various workplace issues, many of which involved what he deemed to be unfair treatment by his supervisor. IAF, Tab 9 at 44-48, 56, 68-72; PFR File, Tab 1 at 8-9. Thus, the appellant made an allegation of harassment and/or a hostile work environment supported by specific examples. Accordingly, we find that he made a nonfrivolous allegation that he made a protected disclosure during the May 27, 2020 meeting with his supervisor. *See Ayers v. Department of Army*, 123 M.S.P.R. 11, ¶ 14 (2015) (holding that allegations of a pattern of harassment by a supervisor may be a disclosure of an abuse of authority).

<u>The appellant's probationary termination and the creation of a hostile work environment are covered personnel actions.</u>

Having found that the appellant made nonfrivolous allegations of protected disclosures, we now consider whether the appellant similarly alleged personnel actions covered by the whistleblower protection statutes. As noted, the appellant raised two personnel actions, a probationary termination and the creation of a hostile work environment. Regarding his termination, such an action is clearly covered. *Lane v. Department of Homeland Security*, 115 M.S.P.R. 342, ¶¶ 2-3, 13 (2010) (finding that an individual who was terminated during his probationary period was subjected to a covered personnel action); *Sirgo v. Department of Justice*, 66 M.S.P.R. 261, 267 (1995) (stating that a probationary termination is a personnel action).

Regarding a hostile work environment claim, in *Skarada*, 2022 MSPB 17, ¶ 16, the Board explained that, although the term "hostile work environment" has a particular meaning in other contexts, in a civil service law context the term

means a significant change in duties, responsibilities, or working conditions. The Board further explained that, although "significant change" should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Id.*

In the instant case, the appellant alleged various actions that followed his spring 2020 protected disclosures, such as denying sick leave requests, assigning him a disproportionate amount of work, excluding him from work-related communications, failing to provide training and to assign him a mentor, and over-scrutinizing his work. IAF, Tab 8 at 20-32, Tab 9 at 36-54. Although none of these allegations standing alone would definitively constitute a covered personnel action, we find that the appellant has made a nonfrivolous allegation that the cumulative effect of these actions constituted a significant change in his working conditions. *Skarada*, 2022 MSPB 17, ¶¶ 15-16.

<u>The appellant nonfrivolously alleged that his protected disclosures were a contributing factor in the personnel actions.</u>

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a

reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

Here, the appellant alleged that he made disclosures directly to his supervisor regarding purported wrongdoing on April 6 and May 27, 2020, and his supervisor made the initial determination to terminate him during his probationary period and was responsible for making his work environment hostile. IAF, Tab 9 at 44-46, 48-49, 63-66. Thus, the appellant's allegations satisfy the knowledge prong of the test. With respect to the timing prong, the decision on the appellant's termination occurred in January and February 2021, less than 1 year after the appellant's disclosures, and the appellant described that his work environment was hostile in the months following his May 27, 2020 disclosures. IAF, Tab 4 at 4-6, Tab 8 at 22-31, Tab 9 at 46, 58-66. The Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosure satisfies the timing component of the knowledge/timing test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). Accordingly, we find that he has met the timing prong of the knowledge/timing test with respect to both of his disclosures.

## We remand this appeal to the Atlanta Regional Office.

Based on the foregoing, we find that the appellant nonfrivolously alleged that his April 6 and May 27, 2020 disclosures were a contributing factor in the agency's personnel actions and he has established Board jurisdiction over his IRA appeal. Accordingly, we remand the appeal to the regional office, where the appellant is entitled to a hearing on the merits, in which he must prove his claims by preponderant evidence. 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 5; *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant meets his burden of proving that his protected disclosure was a contributing factor in the agency's personnel actions, the agency shall have the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel actions in the absence of the protected activity. 5 U.S.C.

§ 1221(e)(2); *Lu,* 122 M.S.P.R. 335, ¶ 7; *see Carr v. Social Security Administration,* 185 F.3d 1318, 1322-23 (Fed. Cir. 1999).

## ORDER

For the reasons discussed above, we grant the appellant's petition for review, vacate the initial decision, and remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[5]

FOR THE BOARD:                      *Gina K. Grippando*
                                    _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.

---

[5] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.